## POIRE V. THE ROCKY MOUNTAIN TRANSPORTATION COMPANY.

A referee was directed to try the issues presented and report findings upon the law and facts; exceptions were reserved and subsequently overruled, and judgment entered by the court on the referee's report; but no exceptions being reserved either to the ruling upon the issues presented by the report and the exceptions thereto nor to the final judgment rendered by the court, *held* that this court is precluded from reviewing the judgment on the evidence.

*Error to District Court of Lake County.*

THE case is stated in the opinion.

Mr. T. A. GREEN and Mr. C. H. ST. JOHN, for plaintiff in error.

Mr. C. W. WRIGHT, for defendant in error.

*Per Curiam:* This cause was by consent of parties referred. The referee was directed to try the issues presented and report findings of law and fact thereon.

This he did; and exceptions being filed to his findings, the court, upon due consideration thereof, overruled such exceptions, and entered judgment upon the referee's report. To reverse that judgment the cause is now before us on error.

The principal issue tried by the court below, being one of fact, was whether or not the indorsement and transfer by plaintiff of the note mentioned in the pleadings was procured by duress. This issue was found against plaintiff in error, who was plaintiff below.

No exception was preserved either to the ruling upon the issues presented by the report and the exceptions thereto, or to the final judgment rendered in the district court. Therefore we are precluded from reviewing this judgment upon the evidence; *i. e.*, from determining whether or not it is supported thereby. *Martin v. Force,* 3 Col. 199; *Law v. Brinker,* 6 id. 555; *Breen v. Richardson,* 6 id. 605.

No bill of exceptions was taken or preserved, and the evidence contained in the record was not properly authenticated. Hence this court sustained a motion to strike out the same.

There being no evidence before us, we cannot consider any exceptions that may have been saved at the trial to the admission or rejection of testimony, and we must presume that the finding of the referee upon the question of fact aforesaid was correct.

But if this finding was right, nothing remains for us to consider. The only other matter submitted is a question of law, and it does not arise in this case unless the referee and court were mistaken in their conclusion on the subject of duress aforesaid. It is therefore wholly unnecessary for us to examine the arguments made and the authorities cited upon the legal proposition mentioned. The judgment is affirmed.

*Affirmed.*